IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-01851-MSK-BNB

PETER BARNES,

Plaintiff,

v.

PUBLIC SERVICE EMPLOYEES CREDIT UNION, d/b/a Public Service Credit Union, a
Colorado non-profit corporation,

Defendant.

_____

**ORDER**

_____

This matter arises on the following:

(1)  **Motion to Partially Dismiss** [Doc. #10, filed 07/23/2013] (the "Motion to

Dismiss"); and

(2)  **Plaintiffs** [sic] **First Amended Complaint** [Doc. #12, tendered 08/29/2013] (the

"First Amended Complaint").

This case was removed from the Denver County District Court on July 12, 2013 [Doc.

#1].  The Complaint  [Doc. #3] alleges that the defendant violated the Fair Debt Collection

Practices Act and the Fair Credit Reporting Act.  On July 23, 2013, the defendant filed its

Motion to Dismiss, seeking to dismiss the Fair Debt Collection Practices Act claim because the

plaintiff's single claim for relief cites only to sections of the Fair Credit Reporting Act.  On

August 29, 2013, the plaintiff submitted his First Amended Complaint, which contains

allegations regarding both the Fair Debt Collection Practices Act and the Fair Credit Reporting

Act.

Rule 15, Fed. R. Civ. P., provides that a complaint may be amended once as a matter of course within 21 days after serving it or, "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier."  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."  Id. at 15(a)(2).

The defendant certified that it electronically filed its Motion to Dismiss on July 23, 2013, "which will send notification of such filing to" the plaintiff.  However, the plaintiff  is proceeding *pro se*, and there is no indication in the record that he is registered with the court's Electronic Case Filing ("ECF") system.  Instead, ECF indicates that a copy of the Motion to Dismiss was mailed to the plaintiff on July 23, 2013.  Consequently, the First Amended Complaint was submitted more than 21 days after service of the defendant's responsive pleading, and amendment is allowed only with the defendant's consent or leave of court, which should be freely given.

The district judge has directed, in connection with motions to dismiss:

> Motions brought pursuant to Fed. R. Civ. P. 12(b)(6) are discouraged if the defect is correctable by the filing of an amended pleading.  Counsel should confer prior to filing of the motion to determine whether the deficiency can be corrected by amendment (e.g., failure to plead fraud with specificity) and should exercise their best efforts to stipulate to appropriate amendment.

MSK Civ. Practice Standards V.I.2.b.

There is no indication in the Motion to Dismiss that the defendant complied with this practice standard, and the plaintiff is attempting through the First Amended Complaint to correct

2

a pleading deficiency.  Under these circumstances, I find that justice requires that the amendment

be allowed.

IT IS ORDERED:

(1)   The Clerk of the Court shall accept the First Amended Complaint [Doc. #12] for

filing; and

(2)   The defendant's Motion to Dismiss [Doc. #10] is DENIED WITHOUT

PREJUDICE.  The defendant shall answer or otherwise respond to the First Amended Complaint

in accordance with the Federal Rules of Civil Procedure.

Dated September 6, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge